UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ARTHUR LEE SMART, Plaintiff, v. E. ORTIZ, et al., Defendants. | Case No.: 17CV1454 AJB (BGS)<br><br>**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS**<br><br>[ECF 18] |
|---|---|

Defendants have filed a Motion to Dismiss Plaintiff Arthur Lee Smart's Complaint brought under 42 U.S.C. § 1983. (ECF 18.) Plaintiff asserts claims for violation of Due Process under the 14th Amendment and for cruel and unusual punishment under the Eighth Amendment. He challenges a disciplinary proceeding in the prison and the restrictions imposed on him as a result of those proceedings. (*Id.*) Defendants move to dismiss, asserting that Plaintiff's Due Process claim is barred by res judicata because it was previously raised and determined in state court proceedings and that Plaintiff has failed to adequately plead either claim. (Def.'s Mot. to Dismiss [ECF 18] ("Mot.").)

This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California. For the reasons discussed below, **IT IS RECOMMENDED** that the Motion to Dismiss be **GRANTED**.

1

# BACKGROUND

## I. Factual Allegations

The following allegations are drawn from Plaintiff's Complaint. On February 2, 2014, following a visit, Plaintiff alleges he entered the inmate search area with other inmates. (ECF 1 at 5, 9.[1]) He claims Correctional Officer Dizon picked up something from the floor and asked Plaintiff what it was. (*Id.* at 5.) Although Plaintiff claimed he did not know, Dizon said the contraband (marijuana), was Plaintiff's and took him to administrative segregation. (*Id.*)

Plaintiff alleges that two days later, on February 4, 2014, Officer A. Silva brought Plaintiff a Rules Violation Report ("RVR"), handed him a notification to sign to indicate whether he wanted to postpone the hearing until the prosecutor decided whether to prosecute, and Plaintiff signed it. (*Id.* at 5-6.) Plaintiff claims that "after considerable time had past," he examined the RVR and discovered it belonged to another inmate. (*Id.* at 6.) Plaintiff claims he tried to obtain his RVR before his hearing on February 25, 2018, but was not able to. (*Id.*)

As to the February 25, 2014 disciplinary hearing, Plaintiff alleges that Lieutenant E. Ortiz proceeded with the disciplinary hearing despite Plaintiff explaining that Silva gave him someone else's RVR. (*Id.* at 6, 9) Plaintiff alleges that his RVR was held up for him to read. (*Id.*) Plaintiff claims his request to call Officer Williams as a witness was denied as irrelevant. (*Id.* at 6-7, 9.) Plaintiff asserts that he wanted Williams to testify there were other inmates in the room and the contraband came from the floor to contradict Dizon's claim that there were no other inmates in the room and the contraband came from Plaintiff's pocket. (*Id.* at 7, 9.) Plaintiff alleges he was found guilty of the rules violation, assessed 30 days loss of canteen, one year loss of visits, an additional two-year loss of non-contact visits, nine months placement in segregated housing, loss of

---

[1] The Court cites the CM/ECF pagination throughout except when citing Defendants' briefs.

ability to participate in rehabilitation, employment, and recreation, subjected to restrictions on communication and personal property, and changed from a Level III inmate to a Level IV inmate. (*Id.* at 7, 9-11.)

Plaintiff asserts two claims. In claim one he argues his Due Process rights were violated because he did not receive timely notice of the violation and was not allowed to call witnesses at the disciplinary hearing. (*Id.* at 5-8.) In claim two he asserts he was subjected to cruel and unusual punishment because, as a result of the disciplinary proceeding, he was denied visits for one year, denied contact visits for an additional two years, precluded from participation in a variety of prison programs, placed in segregated housing for nine months, and had his custody level increased from Level III to Level IV. (*Id.* at 9.) Plaintiff seeks to have his rules violation for introduction of marijuana for purposes of distribution dismissed and removed from his records, his custody level reduced, and $250,000 in damages. (*Id.* at 12.)

## II. Procedural History

In 2010, Plaintiff was sentenced to an indeterminate term as follows: 25 years to life on twelve counts, 27 years to life on one count, and 129 years of enhancements, to be served consecutively. (RJN[2] 001-7.)

As to the disciplinary hearing discussed above, Plaintiff alleges that he filed an inmate grievance and appealed the decision through the third level within the prison system. (*Id.* at 7, 10) He argued his due process rights were violated because he did not receive his disciplinary infraction 15 days after the incident or 24 hours before the

---

[2] Defendants' Request for Judicial Notice is GRANTED. Defendants' request the Court take judicial notice of the Certified Abstract of Judgment in Plaintiff's underlying criminal case, Plaintiff's filings challenging the disciplinary proceeding before the state courts, and the state courts' decisions on those filings. *Harris v Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (Courts "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") The Court cites the "RJN" consecutive pagination stamped on the bottom of each page of the RJN.

hearing. (*Id.* at 7.) Plaintiff alleges that he sought to have officers and the inmate whose RVR he claims he mistakenly received interviewed to substantiate his claims regarding the hearing. (*Id.* at 7-8, 10.)

Plaintiff also explains, and the lodgments submitted by Defendants confirm, that Plaintiff pursued a due process claim as to the disciplinary proceeding in the state courts based on challenges to timely receipt of his RVR and not being able to call witnesses. (RJN 008-96; *Id.* at 8 (Plaintiff asserts at the conclusion of the allegations of claim 1 that he "pursu[ed] these claims in the state courts on a habeas corpus.")

### A. Plaintiff's State Habeas Proceedings

Plaintiff's first habeas petition before the San Diego Superior Court argues his Due Process rights were violated in the disciplinary proceeding because he did not timely receive his RVR for the incident, he was not allowed to call witnesses, and, as a result, he incurred a loss of 180 days good time credits, presenting what he described as an atypical and significant hardship. (RJN 008-25.) The Superior Court issued a decision denying the petition. (RJN 026-27.)The court recognized he was claiming a denial of due process in the disciplinary proceeding based on not receiving his RVR timely and not being allowed to call a witness and then denied the petition. (RJN 026-27.) The court found: the guilty finding was supported by some evidence; that the California Department of Corrections and Rehabilitation ("CDCR") did not act arbitrarily in rejecting Plaintiff's claims of denial of due process; and that Plaintiff failed to make a prima facie showing of any due process violation. (RJN 030-37.) Plaintiff then filed another petition with the Superior Court asking the court to consider new evidence. (RJN 030-37.) The court denied this petition as well, finding Plaintiff failed to justify the filing of numerous petitions, failed to support his claim the evidence was actually new, and failed to make a prima facie case he suffered any prejudice even assuming there was any due process violation. (RJN 038-41.)

Plaintiff then sought review by the California Court of Appeal by referencing his arguments in portions of his prior petitions. (RJN 042-58 ("all of my contentions are the

same as my first and second petition.") The Court of Appeal found Plaintiff failed to provide sufficient documentary evidence to support his claims, specifically he provided no documents related to his hearing or copies of administrative appeals. (RJN 059.) Plaintiff then filed a "Petition for Reconsideration," also with the Court of Appeal, indicating he was now attaching the documents needed to decide his petition. (RJN 061-73.) The Court of Appeal then denied this petition. (RJN 074-75.) The court recognized he was asserting a due process violation regarding timely notice of the alleged violation, but found the record contained some evidence that he did receive timely notice. (RJN 074-75.) Plaintiff also filed two petitions with the California Supreme Court raising the same issues and each was denied without analysis. (RJN 076-79.) Plaintiff then sought review in federal court.[3]

## DISCUSSION

Defendants move to dismiss Plaintiff's Due Process claim based on res judicata. Defendants additionally move to dismiss both of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim. The Court first addresses res judicata as to the Due Process claim and then dismissal under Rule 12(b)(6) as to both claims.

---

[3] Although not set forth in the procedural history of Plaintiff's Complaint or Defendants' Motion to Dismiss, Plaintiff also filed a federal habeas petition in this district in Case No. 16cv2845 GPC (JMA) on November 16, 2016 asserting the same due process claim regarding the same disciplinary hearing. The case was transferred to the Central District of California based on Plaintiff's location at the time in the Central District. (Case No. 16cv2845 GPC (JMA) at ECF 3.) The federal petition was then dismissed on a motion to dismiss. (Case No. 2:16CV8961 GW (JDE) at ECF 16, 20.) The court found that because Plaintiff's claims did not fall within the core of habeas he was required to bring them under § 1983. (*Id.* at ECF 16 (citing *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016)). This § 1983 Complaint was then filed in the Central District. (Case No. CV 17-4118 GW (JDE), ECF 1.) The case was then transferred to this district based on the events alleged in the Complaint occurring at Richard J. Donovan Correctional Facility ("RJD") in this district. (*Id.* at 4.)

## I. Res Judicata

Defendants argue Plaintiff's Due Process claim is barred by the doctrine of res judicata because Plaintiff brought the same claim in state court. (Mot. at 12-17; Defs.' Reply [ECF 28] at 5-6.) Plaintiff does not dispute that he raised the same claim in state habeas proceedings. Rather, he argues that he did not receive a full and fair hearing in state court. As explained below in detail, Plaintiff's Due Process claim is precluded by California claim preclusion because all the requirements for it to apply have been met.

### A. Legal Standard

"Under the Full Faith and Credit Statute, 28 U.S.C. § 1738, federal courts must give the same preclusive effect to state court judgments, including 'reasoned' habeas judgments, as the rendering state court would." *Furnace v. Giurbino*, 838 F.3d 1019, 1023 (9th Cir. 2016); *Gonzales v. Cal. Dep't of Corrs.*, 739 F.3d 1226, 1230 (9th Cir. 2014) (finding "reasoned denials of California habeas petitions . . . do have claim-preclusive effect") "Accordingly, California claim preclusion[4] law governs whether, in light of his earlier state habeas petition[s], [Plaintiff's] § 1983 claims may be brought in federal court." *Furnace*, 838 F.3d at 1023.

"Under California's doctrine of claim preclusion, 'all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date.'" *Gonzales*, 739 F.3d at 1232 (quoting *Mycogen Corp. v. Monsanto*

---

[4] The term res judicata has been used to encompass both claim preclusion and issue preclusion, two distinct concepts, and a substitute term for claim preclusion only. *See* 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4402 (2d ed. 2002) (explaining the evolution of the terminology of res judicata); *see also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (applying federal common law of res judicata and explaining the that "[t]he preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'") This Report and Recommendation uses the term claim preclusion, as the Ninth Circuit has, in analyzing the preclusive effect of California state habeas decisions on subsequent § 1983 claims brought in federal court. *See Gonzales,* 739 F.3d at 1230-34; *see also Furnace*, 838 F.3d at 1023.

*Co.*, 28 Cal. 4th 888, 897 (2002)). It "precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief." *Gonzales*, 739 F.3d at 1232 (quoting *Mycogen Corp.*, 28 Cal. 4th at 897). "If the same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit but also all matters which *could have been raised*." *Gonzales*, 739 F.3d at 1233 (emphasis in original) (quoting *Eichman*, 147 Cal. App. 3d at 1174.) Therefore, if the same primary right is involved in Plaintiff's state habeas proceedings and this § 1983, all matters Plaintiff could have raised are barred by claim preclusion.

"[C]laim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties or parties in privity with them] (3) after a final judgment on the merits of the first suit." *Furnace*, 838 F.3d at 1024 (quoting *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015)).

**B.   Analysis**

   **1.   Same Cause of Action**

Plaintiff does not argue his Due Process claim in this action and his state habeas actions are different causes of action. He pleads the opposite in his Complaint, stating at the conclusion of claim 1, "he has pursu[ed] these claims in the state courts on a habeas corpus." (ECF 1 at 8.) Plaintiff also does not attempt to distinguish the state and federal actions in his Opposition. However, even without this concession, the Court finds Plaintiff's Due Process claims in his state habeas proceedings and this action are the same cause of action for purposes of California claim preclusion.

"California courts employ the 'primary rights' theory to determine what constitutes the same cause of action for claim preclusion purposes." *Gonzales*, 739 F.3d at 1232 "If two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds

new facts supporting recovery." *Id.* at 1233 (quoting *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983)).

In this action, as in the state habeas proceedings, Plaintiff asserts his Due Process rights were violated in a prison disciplinary proceeding because he did not receive timely notice of his violation, *i.e.* he received someone else's RVR, and he was not allowed to call material witnesses at his disciplinary hearing. Plaintiff has consistently asserted this claim as a Due Process violation through all the state court proceedings and in the present action. Unlike many cases where the plaintiff asserts a new legal theory to try to circumvent the state court decision on the same wrong, here, Plaintiff does not. Both actions involve the same alleged wrongs by Defendants in the same disciplinary proceeding. Although there is some variation in the consequences Plaintiff identifies as being imposed from petition to petition,[5] they all raise consequences resulting from the same guilty finding in the same disciplinary proceeding[6] he consistently challenges on the same basis. Plaintiff also changes the witness he was denied as he proceeds through his state and federal filings, but he consistently challenges being denied the opportunity to call witnesses. The addition of new facts, *i.e.* a different witness he was supposedly denied, does not alter the analysis. *See Gonzales*, 739 F.3d at 1233 ("even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery" same primary right is at stake "if two actions involve the same injury to the plaintiff and same wrong by the defendant.").

---

[5] For example, in Plaintiff's first habeas petition to the Superior Court, he seeks among other relief, restoration of behavior credits without reference to the other privileges lost. (RJN 018, 035.) In his second petition to the same court, he seeks restoration of all privileges and work credits lost. His petitions before the Court of Appeal, similarly vary. (RJN 056, 067.)

[6] These restrictions are also alleged as cruel and unusual punishment under Plaintiff's 8th Amendment claim.

When, as here, "both actions involve the same alleged injury to [Plaintiff] (the administrative convictions and attendant loss of privileges) and the same alleged wrong by the [Defendants] (the deprivation of [Plaintiff's] liberty without due process] . . . [t]he two actions are . . . identical." *Davis v. Small*, No. 11-55649, 595 Fed. Appx. 688, at *691 (9th Cir. Dec. 17, 2014); *see also Morales v. Pelican Bay State Prison*, No. C 06-4175 PJH (PR), 2010 WL 3769385, at *3 (N.D. Cal. Sept. 21, 2010) (finding common harm was violation of constitutional rights at the disciplinary hearing).

Additionally, as the Ninth Circuit explained in *Furnace v Giurbino*, "one reason for California's primary right doctrine is to avoid piecemeal litigation and the possibility of inconsistent judgments." 838 F.3d at 1026-27 (citations omitted). If Plaintiff were allowed to proceed with his Due Process challenge to the same disciplinary proceeding asserting the same Due Process violations by the same individuals and he were successful, "it would necessarily be inconsistent with the judgment[s] that he was not entitled to habeas relief" based on a Due Process violation. *Id.* at 1027.

The Court finds the Plaintiff's § 1983 Due Process claim in this action and his Due Process claim before the state court involved the same cause of action.

### 2. Same Parties

Plaintiff also wisely does not argue the state and federal actions involve different parties. "California claim preclusion case law . . . prevents litigation 'between the same parties or parties in privity with them.'" *Furnace*, 838 F.3d at 1028 (quoting *DKN Holdings*, 61 Cal. 4th at 824). Plaintiff's state habeas petitions named either the warden of the facility he was housed in or CDCR as respondent and in this action he names the individual officers at RJD that allegedly violated his right to Due Process in the disciplinary proceedings. However, the individuals named as Defendants in this action were identified by name in the state petitions. *See id.* (finding significant the naming of individuals in habeas proceedings where the warden was named as respondent). Additionally, the warden of RJD (where Plaintiff was housed when the disciplinary proceeding took place) is named as respondent in two of Plaintiff's state petitions which

also supports a finding or privity. *Id.* at 1028 n. 5. (finding supervisor in privity with individual officers based on supervisory relationship); *see also Horton v Bradbury*, No. C 16-6411 WHA (PR), 2017 WL 8793339, at *3 (N.D. Cal. Dec. 12 2017) (finding privity between warden and individual defendants "because they are officers of the same state government agency and [the warden] is their superior"). The Court finds Plaintiff's § 1983 Due Process claim involves the same parties or parties in privity with them as in his state habeas cases. *Furnace*, 838 F.3d at 1024.

### 3. Final Judgment on the Merits

Plaintiff also does not dispute that the state courts reached a final decision on the merits of his Due Process claim other than, as discussed below, his claim that he did not receive a hearing on his claim in the state courts.

"[R]easoned denials of California habeas petitions . . . do have a claim preclusive effect."[7] *Gonzales*, 739 F.3d at 1231. Even without considering the two summary denials by the California Supreme Court and the initial denial by the Court of Appeal,[8] the state courts issued three reasoned decisions on the merits of Plaintiff's Due Process claim. As detailed above (Section II.A), each of these three decisions recognized Plaintiff was raising a Due Process claim as to his disciplinary proceedings and denied his petitions. All three decisions explicitly recognize his challenge based on lack of timely notice, *i.e.* did not receive his RVR before the hearing, and deny relief. (RJN 026-29, 038-41, 074-75.) And, the Superior Court twice acknowledged and rejected

---

[7] The Ninth Circuit has explained in some detail that California affords claim preclusive effect to its habeas judgments. *Gonzales*, 739 F.3d at 1231-32. It does not matter that the remedy sought is different or even that the forum in which relief was initially sought could not award the relief sought in the subsequent action. *Id.* at 1232.

[8] The Court need not consider the California Supreme Court's two summary denials of Plaintiff's petitions or the first denial by the Court of Appeal that focused on Plaintiff's failure to provide sufficient documentary evidence to support his claim because the Court of Appeal subsequently issued a reasoned denial on the merits of Plaintiffs Due Process claim.

Plaintiff's claims regarding not being able to call witnesses. (RJN 027-28, 038-40.) These denials are final given Plaintiff raised them and they were denied by the California Supreme Court. (RJN 081, 096.)

In Opposition to the Motion to Dismiss, Plaintiff argues his Due Process claim is not barred because he did not receive a full and fair hearing. (ECF 26 at 20-25.) Plaintiff relies on language in *Silverton v. Dep't of Treasury*, 644 F.2d 1341 (9th Cir. 1981) regarding the importance of a "full and fair hearing on constitutional claims" when considering state habeas claims. *Silverton*, 644 F.2d at 1346. Plaintiff appears to be arguing that because he did not receive an evidentiary hearing in the state court proceedings, his Due Process claim is not precluded. The Court disagrees.

As an initial matter, Plaintiff cites no authority requiring the state courts to conduct an evidentiary hearing for California claim preclusion to apply. And, neither of the Ninth Circuit's two most recent decisions setting forth the requirements for California *claim preclusion* based on prior state habeas decisions suggest that an evidentiary hearing is required. *Furnace*, 838 F.3d at 1022-28 (no indication of an evidentiary hearing in procedural history and finds claim preclusion); *Gonzales*, 739 F.3d at 1229-1234 (no indication of an evidentiary hearing in procedural history and finds claim preclusion). Additionally, the case upon which Plaintiff relies for the general premise that a plaintiff must be "afforded a full and fair opportunity for issues to be heard and determined under federal standards" for claim preclusion to apply is a case addressing *issue* preclusion. *See Gonzales*, 739 F.3d at 1230 (emphasis added) (explaining that *Silverton* addressed issue preclusion, not claim preclusion). Regardless, the state habeas decisions do apply federal standards.

In conclusion, the Court finds Plaintiff's Due Process claim is precluded under California claim preclusion because it involves the same cause of action between parties in privity with them after a final judgment on the merits. Plaintiff may not raise any matters raised or which could have been raised in the state habeas proceedings. *Gonzales*, 739 F.3d at 1233 (citations omitted). Therefore, the Court **RECOMMENDS**

11

17CV1454 AJB (BGS)

Defendants' Motion to Dismiss Plaintiff's Due Process claim based on claim preclusion be **GRANTED** and this claim be **DISMISSED with prejudice**.

## II. Failure to State a Claim

"A dismissal under [R]ule 12(b)(6) 'may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017) (quoting *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008)). Under Rule 8(a)(2), the complaint need only provide a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Although "the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests," it "must, at a minimum, plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson*, 534 F.3d at 1122 (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 (2007) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must view the factual allegations of the complaint "in the light most favorable to [the plaintiff], accepting all well-pleaded factual allegations as true, as well as any reasonable inferences drawn from them." *Johnson*, 534 F.3d at 1123 (citing *Broam v Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)). Additionally, because Plaintiff "is an inmate . . . proceed[ing] pro se, his complaint 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (explaining that courts should "continue to construe *pro se* filings liberally when evaluating them under *Iqbal*."). Particularly in civil rights cases, the court must "construe the pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Id.* (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). "However, a liberal interpretation of a *pro se* civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official

participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) (citing *Pena v Gardner*, 976 F.2d 469, 471 (9th Cir 1992)).

The Court's review on a motion to dismiss under Rule 12(b)(6) is generally limited to the allegations of the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)). "[A] court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original) (citing *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993)). "Facts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." *Broam*, 320 F.3d at 1026 n.2 (citing *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001)). Here, Plaintiff has asserted new allegations in his Opposition to the Motion to Dismiss. The Court has not considered those allegations in evaluating the sufficiency of the Complaint under Rule 12(b)(6), but does consider them for purposes of leave to amend.

### A. 42 U.S.C § 1983

"To state a claim under § 1983, a plaintiff [1] must allege the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). "Dismissal of a § 1983 claim following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Id.* at 1036 (citing *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000), *Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991), and *Iqbal*, 556 U.S. at 678). Here, Plaintiff claims that Defendants, correctional officers, violated his due process rights under the 14th Amendment and subjected him to cruel and unusual

punishment under the Eighth Amendment.

### 1. 14th Amendment – Due Process

If the Due Process claim is dismissed with prejudice based on claim preclusion as recommended above, consideration of dismissal based on Rule 12(b)(6) is unnecessary. However, the Court provides the following analysis of the issues raised in the Motion regarding dismissal under Rule 12(b)(6).

Defendants argue Plaintiff's Due Process claim should also be dismissed because he fails to allege a protected liberty interest. More specifically, Defendants argue Plaintiff's confinement in administrative segregation does not constitute an "atypical and significant hardship" as required to create a liberty interest and he has no liberty interest in the other restrictions he raises in the Complaint. As to the Due Process claim, Plaintiff only addresses his confinement to administrative segregation in his Opposition. His briefing is almost entirely new allegations regarding limitations associated with being in administrative segregation that are absent from the Complaint that the Court cannot consider on a Rule 12(b)(6) motion to dismiss.[9]

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriving any person of life, liberty, or property, without the due process of law." U.S. Const. Amend. XIV. The procedural guarantees of due process apply when a constitutionally-protected liberty or property interest is at stake. *See Wolff v. McDonnell*,

---

[9] As noted above, "a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider*, 151 F.3d at 1197 n.1 (emphasis in original)(citations omitted). However, the Court notes that the new allegations regarding denial of access to his television while in administrative segregation, that it was too cold in his cell in San Diego, and that he did not have access to his legal materials for some unknown period of time are unlikely to constitute an atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *see also Martin v. Hurtado*, No. 07CV598 BTM (RBB), 2008 WL 4145683, at *13 (S.D. Cal. Sept. 3, 2008) ("the deprivation of his television does not pose an atypical and significant hardship when compared to the ordinary incidents of prison life.").

14

418 U.S. 539, 557-58 (1974). To state a cause of action for deprivation of Due Process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("We need reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest.").

In *Sandin v. Connor*, the Supreme Court "refocused the test for determining the existence of a liberty interest away from the wording of prison regulations and toward an examination of the hardship caused by the prison's challenged action relative to the 'basic conditions' of life as a prisoner." *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir.1996) (citing *Sandin v. Connor*, 515 U.S. 472, 484 (1995)); *McQuillion v. Duncan*, 306 F.3d 895, 902–03 (9th Cir. 2002) (*Sandin* abandons the mandatory/permissive language analysis courts traditionally looked to when determining whether a state prison regulation created a liberty interest which required due process protection).

Plaintiff's Opposition cites cases that either pre-date this shift in the required analysis or involve pretrial detainees rather than convicted prisoners like Plaintiff.[10] Plaintiff seems to be seeking this Court's direct enforcement of California's rules and regulations, but that is not the appropriate analysis. "After *Sandin*, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement *is not the language of regulations* regarding those conditions but the *nature of those conditions themselves 'in relation to the ordinary incidents of prison life*.'" *Wilkinson*, 545 U.S. at 223 (quoting *Sandin*, 515 U.S. at 484) (emphasis added).

---

[10] For example, Plaintiff argues the Court should follow *Valdez v. Rosenbaum*, 302 F.3d 1039, 1044 (9th Cir. 2002), however, that decision itself explains that the plaintiff in that case was a pretrial detainee rather than a convicted prisoner and acknowledges the change in the analysis under *Sandin* for convicted prisoners like Plaintiff. *Valdez*, 302 F3d at 1044 n.3.

Due process protections are implicated if Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. The allegations of the Complaint do not meet this standard.

As to administrative segregation, Plaintiff's Due Process claim only asserts that he was placed in administrative segregation for nine months as a result of the disciplinary hearing. However, administrative segregation in itself does not implicate a protected liberty interest. *Serrano v. Francis*, 345 F.3d. 1071, 1078 (9th Cir. 2003); *see also Gray v. Hernandez*, 651 F. Supp. 2d 1167, 1177 (S.D. Cal. 2009) (finding administrative segregation and its attendant limitations not imposed in general population did not constitute the "dramatic departure" from the standard conditions of confinement required under *Sandin*, 515 U.S. at 485). The only other allegations associated with administrative segregation are the denial of access to rehabilitation and employment programs and limitations on recreation and communications. The Court cannot find that "in relation to the ordinary incidents of prison life," any of these limitations "impose an atypical or significant hardship." *Sandin*, 515 U.S. at 484; *see also Gray*, 651 F. Supp. 2d at 1176-77 (no liberty interest in participation in prison employment programs).

Defendants also specifically argue Plaintiff has no liberty interest in loss of visitation and canteen.[11] Plaintiff does not address either in his Opposition. However, the Court concludes that these restriction do not give rise to a protected liberty interest because they are not atypical for one serving a prison sentence. *Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002) (summarizing cases finding prisoners have no due process

---

[11] Defendants argue Plaintiff does not have a liberty interest in the loss of good time credits because he is serving a series of consecutive indeterminate life sentence and would not be eligible for parole until 456 years after his conviction. (Mot. at 6-8; Reply at 3.) The Court does not address this issue because Plaintiff does not assert the loss of good time credits as a basis for any claim in his Complaint or address it in his Opposition.

16

17CV1454 AJB (BGS)

right to visits); *Allen v. Kernan*, No. 16CV1923 CAB (JMA), 2017 WL 4518489, *5 ("the loss of privileges like yard time, phone access, and visitation are within the range of confinement to be normally expected for one serving the underlying sentence, and therefore are not atypical.")

Plaintiff has failed to plead the deprivation of a protected liberty interest as required to state a Due Process claim. The Court **RECOMMENDS** Plaintiff's Due Process claim also be dismissed for failure to state a claim.

### 2. Eighth Amendment – Cruel and Unusual Punishment

"The Eighth Amendment's prohibition against cruel and unusual punishment imposes duties on prison officials to 'provide humane conditions of confinement.'" *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "Prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Id.* (quoting *Farmer*, 511 U.S. at 832).

An Eighth Amendment claim based on conditions of confinement, like that asserted here, "requires a two-part showing." *Id.*; *see also Farmer*, 511 U.S. at 832- 35 (discussing conditions of confinement and two requirements for an Eighth Amendment claim). "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834. Second, "[t]he inmate must then make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." *Foster*, 554 F3d at 812 (citing *Farmer*, 511 U.S. at 834). Plaintiff's Complaint does not meet either prong. The Complaint lacks allegations of a sufficiently serious deprivation and there are no allegations suggesting any Defendant was deliberately indifferent to Plaintiff's needs.

#### a) Objective Prong

Plaintiff's Eighth Amendment claim challenges the same restrictions imposed on him as a result of the disciplinary proceeding, specifically placement in administrative segregation, loss of contact visits for a year, loss of non-contact visits for an additional

two years, not being able to participate in rehabilitation and employment programs, 30 days loss of canteen access, and an increase in his custody level from Level III to Level IV.

Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832-3 (collecting cases) (citations omitted). None of the restrictions alleged rise to the level of a denial of these 'the minimal civilized measure of life's necessities.'" *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "The Constitution 'does not mandate comfortable prisons'" and while it does not "permit inhumane ones," nothing Plaintiff alleges in his Complaint rises to the level of an objectively, sufficiently serious deprivation to constitute cruel and unusual punishment." *Id.* at 832, 834.

### b) Subjective Prong

"To establish a prison official's deliberate indifference, an inmate must show that the official was aware of the risk to the inmate's health or safety and that the official deliberately disregarded the risk." *Foster*, 554 F.3d at 814 (citing *Johnson v. Lewis*, 217 F.3d 726, 734 (9th Cir. 2000). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate indifference is itself a two-part inquiry. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety." *Id.* (quoting *Farmer*, 511 U.S. at 837). "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." *Id.* (citing *Farmer*, 511 U.S. at 844). Plaintiff's Complaint satisfies neither part of the two-part inquiry under the subjective analysis.

Even if Plaintiff had alleged some objectively, sufficiently serious deprivation, Plaintiff does not allege any of the Defendants participated in, knew of, or reasonably should have known of any constitutional injury. *See Farmer*, 511 U.S. at 837 (to be liable for a claim of deliberate indifference, "the official must both be aware of facts from

which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *Gibson v. Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002) (even if a prison official should have been aware of the risk, if he "was not, then [he] has not violated the Eighth Amendment, no matter how sever the risk"), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). There are simply no allegations in the Complaint that any Defendant was aware of any serious harm to Plaintiff's health or safety.

The Court **RECOMMENDS** Plaintiff's Eighth Amendment claim be **DISMISSED**.

### III. Leave to Amend

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend shall be freely given when justice so requires. "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

As to Plaintiff's Due Process claim, the Court does not recommend granting leave to amend given the Court's conclusion that the claim is barred by claim preclusion and should be dismissed with prejudice.

As to Plaintiff's Eighth Amendment claim, there has been no undue delay, bad faith, or dilatory motive. It does not appear there would be any undue prejudice to any defendants. And, there have been no repeated failures to cure deficiencies by previous amendments. This would be Plaintiff's first attempt to amend his Complaint. The only basis for denying leave to amend would be the futility of amendment. The Court finds it highly unlikely that Plaintiff would be able to amend this claim to truthfully allege a sufficiently serious deprivation or any Defendants' deliberate indifference to it given how

19

far removed Plaintiff's current allegations are from an objectively sufficiently serious deprivation of the "minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Plaintiff's new allegation that his cell in administrative segregation was cold is not alone sufficient. Even with Plaintiff's new allegations of weight loss resulting in part from the stress of being cold, he has not stated a claim, particularly given his allegations that he lost weight because he was refusing to eat. *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996)(acknowledging Eighth Amendment guarantees adequate heating, but does not require comfortable temperature). However, given all the other factors weigh in favor of amendment and it is not absolutely clear that amendment would be futile, the Court **RECOMMENDS** Plaintiff be given leave to amend his Eighth Amendment claim.

## CONCLUSION

For the reasons outlined above, **IT IS RECOMMENDED** that the District Court issue an Order: (1) Approving and Adopting this Report and Recommendation; (2) **GRANTING** Defendants' Motion to Dismiss. (ECF No. 18.)

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **August 29, 2018**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objection shall be filed with the Court and served on all parties no later than **September 5, 2018**. The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: August 8, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge