

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Arthur Lee Smart,<br><br>      Plaintiff,<br><br>v.<br><br>E. Ortiz, et al.,<br><br>      Defendants. | Case No.: 17-cv-1454-AJB-BGS<br><br>**ORDER:**<br>**(1) ADOPTING THE REPORT AND RECOMMENDATION (Doc. No. 29);**<br><br>**(2) GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. No. 18); and**<br><br>**(3) DISMISSING PLAINTIFF'S COMPLAINT (Doc. No. 1).** |

  Before the Court is Magistrate Judge Skomal's report and recommendation ("R&R") on Defendants' motion to dismiss Plaintiff's complaint. The R&R recommends the Court grant the dismissal motion and dismiss Plaintiff's complaint. (Doc. No. 29.) For the reasons stated herein, the Court **ADOPTS** the R&R's holdings, **GRANTS** Defendants' dismissal motion, and **DISMISSES** Plaintiff's complaint without leave to amend.

## I.  LEGAL STANDARDS

  "The court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The "statute makes it clear that the district judge must review the magistrate judge's findings and

1

recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225–26 & n. 5 (D. Ariz. 2003) (applying *Reyna-Tapia* to habeas review).

## II. BACKGROUND

Plaintiff brings this lawsuit complaining of: (1) a due process violation stemming from a disciplinary hearing in which he neither received timely notice of nor was able to call witnesses; and (2) an Eighth Amendment violation for cruel and unusual punishment resulting from said hearing. (Doc. No. 1 at 5–8.) Essentially, Plaintiff alleges that during an inmate search, an officer found marijuana, asked Plaintiff if it was his, Plaintiff responded it was not, but the officer wrote him up anyways. (*Id.* at 5.) Another officer, A. Silva, gave Plaintiff a Rules Violation Report, or RVR, to sign to indicate he wanted a delayed hearing and review by a prosecutor. (*Id.* at 5–6.) Plaintiff signed it, but later noticed that the RVR was not his. (*Id.* at 6.) Plaintiff was unable to obtain a copy of his RVR before his hearing, which he explained at the hearing. (*Id.* at 6, 9.) Despite this, the hearing continued, and Plaintiff was unable to call any witnesses—such as other inmates in the room when the marijuana was found—and was found guilty of marijuana possession. (*Id.* at 7, 9.) As a result, Plaintiff was given numerous repercussions, including a loss of visits for one year, nine months in segregated housing, inability to participate in rehabilitation, employment, and recreated, and an inmate level change from Level III to Level IV. (*Id.* at 9–11.)

## III. DISCUSSION

Defendants moved to dismiss on two grounds: (1) res judicata; and (2) failure to state a claim. The R&R analyzes both arguments and recommends this Court grant dismissal on both grounds. For the reasons stated below, the Court agrees.

### A. Res Judicata

Defendants argue that Plaintiff's due process claim is procedurally barred through res judicata as Plaintiff raised the same claim in his state court habeas proceedings. Plaintiff

2

concedes as much, arguing that although he did raise the issue in state court, he did not receive a full and fair hearing. The R&R finds that Plaintiff's claim is precluded as it meets the three requirements. (Doc. No. 29 at 6.) "[C]laim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties or parties in privity with them (3) after a final judgment on the merits of the first suit." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015). In his objection, Plaintiff does not dispute the first two prongs, only taking issue with the final one. (Doc. No. 35 at 10.) Thus, the Court will only discuss the final prong, and finds that the first two prongs are well reasoned.

Regarding the third prong, Plaintiff claims that although the state courts reached a final decision on the merits of his claim, he never received a full and fair hearing on his claims. (*Id.* at 10.) Looking to the Ninth Circuit, the R&R notes that "reasoned denials of California habeas petitions . . . do have a claim preclusive effect." (Doc. No. 29 at 10 (citing *Gonzalez v. Cal. Dep't of Corrs.*, 739 F.3d 1226, 1230 (9th Cir. 2014)).) The R&R states that each decision the California courts reached "recognized [Plaintiff's] challenge based on lack of timely notice, *i.e.* did not receive his RVR before the hearing, and den[ied] relief." (Doc. No. 29 at 10.) The Superior Court indeed twice rejected Plaintiff's claims around being unable to call witnesses. (*Id.* at 10–11.) The R&R, in its analysis, states that "Plaintiff appears to be arguing that because he did not receive an evidentiary hearing in the state court proceedings, his Due Process claim is not precluded." (*Id.* at 11.) The R&R concludes by stating Plaintiff did not provide any supporting case law that an evidentiary hearing is required, and further, the Ninth Circuit—in two recent decisions—fails to suggest anything to the contrary. (*Id.*) Thus, the R&R finds that this prong is satisfied, and along with the other two, concludes that Plaintiff's claim is barred.

In his objection, Plaintiff argues that his due process rights were violated because he was not given notice before the hearing and because he was unable to call witnesses during the hearing. (Doc. No. 35 at 11–12.) Plaintiff correctly relies on a Supreme Court case to support his claim that notice must be provided at least 24 hours before a disciplinary hearing. (*Id.* at 11 (citing to *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974)).) However,

this belies the fact that the state court has already considered this argument, and thus, the Court today is precluded from revisiting it.

As to his inability to call witnesses, Plaintiff incorrectly relies on another Supreme Court case, which purports to hold that due process dictates a person be able to present a full defense, including testimony of witnesses. (*Id.* at 12 (citing to *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 483 (1982)).) However, preceding the section Plaintiff quotes, the Court states "[u]nder New York law, a claim of employment discrimination requires the NYHRD to investigate whether there is 'probable cause' to believe that the complaint is true. Before this determination of probable cause is made, the claimant is entitled . . ." to said defense, including witness testimony. *Kremer*, 461 U.S. at 483. Clearly, Plaintiff's case is distinguishable as this case involves constitutional rights and not employment law, and the Court is applying California law rather than New York law.

Plaintiff failed to rebut the R&R's finding that he was entitled, under the Constitution, to an evidentiary hearing. Finding that R&R's conclusion that Plaintiff's due process claim is precluded under California claim preclusion well-reasoned and thorough, the Court **ADOPTS** it. Accordingly, the Court **DISMISSES** Plaintiff's due process claim.[1]

### B. Eighth Amendment Claim

Plaintiff alleges that consequences of his disciplinary hearing violated the Eighth Amendment as cruel and unusual punishment. To show an Eighth Amendment violation based on conditions of confinement, both an objective and subjective prong must be proven. *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The R&R finds that under the objective prong, none of the restrictions Plaintiff complains of "rise to the level of a denial of these 'the minimal civilized measure of life's necessities.'" (Doc. No. 29 at 18 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347

---

[1] Although the R&R also discusses Plaintiff's due process claim under Fed. R. Civ. P. 12b(6) as well, and recommends dismissing it for failure to state a claim, the Court declines to discuss it here as Plaintiff only objects to the R&R's analysis surrounding claim preclusion. (Doc. No. 29 at 14–17.)

4

(1981)).) The types of items deemed necessary to life's necessities include "adequate food, clothing, shelter, and medical care" as well as safety. (*Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).) The Court agrees that this prong is met.

As to the subjective prong, an inmate must show that the official was acting with deliberate indifference, that is, the official both knew of a risk of substantial harm to the inmate's health or safety and knowingly disregarded it. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). The R&R states that Plaintiff failed to allege any such knowledge in his complaint. (Doc. No. 29 at 18.) The R&R concludes that "[t]here are simply no allegations in the complaint that any Defendant was aware of any serious harm to Plaintiff's health or safety." (*Id.* at 19.)

Plaintiff objects, stating that Defendants "deliberately denied or delay[ed] an inmate medical treatment," and thus alleges that Defendants deprived him by being deliberately indifferent to his medical needs. (Doc. No. 35 at 14.) While Plaintiff is correct that such knowledge and deprivation of treatment would be considered deliberate indifference, he did not raise a deliberate indifference to medical needs claim in his complaint and there are no supporting allegations as such. (Doc. No. 1 at 9–11.) Plaintiff goes on to state the guards interfered with his legal material causing a mental break, resulting in Plaintiff not eating and losing 60 pounds. (Doc. No. 35 at 15.) Again, there is no support for such contentions in the complaint.

The Court finds the R&R's conclusions that Plaintiff failed to state an Eighth Amendment claim well-reasoned and thorough. Thus, the Court **ADOPTS** the R&R's conclusions and **DISMISSES** Plaintiff's cruel and unusual punishment claim.

///
///
///
///
///
///

## IV. CONCLUSION

Because Plaintiff both cannot overcome claim preclusion for his due process claim and fails to state a claim under the Eighth Amendment, the Court **ADOPTS** the reasoning of the R&R, (Doc. No. 29), **GRANTS** Defendants' motion to dismiss, (Doc. No. 18), and **DISMISSES** Plaintiff's complaint, (Doc. No. 1). The Court Clerk is instructed to close the case.

**IT IS SO ORDERED.**

Dated: 3/15/19

By: /s/ Anthony J. Battaglia
ANTHONY J. BATTAGLIA
U.S. District Judge