# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LEE SMART,<br><br>Plaintiff,<br><br>v.<br><br>E. ORTIZ, et al.,<br><br>Defendants. | Case No.: 17-cv-1454-AJB-BGS<br><br>**ORDER RE FACTUAL DETERMINATION**<br><br>**(Doc. No. 42)** |

On February 16, 2021, the Ninth Circuit Court of Appeal remanded Arthur Lee Smart's ("Smart") appeal for the limited purpose of permitting this Court to make a factual determination as to when Smart "first delivered a notice of appeal to prison officials for mailing to the district court in compliance with the requirements of Federal Rule of Appellate Procedure 4(a)(c) and *Houston v. Lack*, 487 U.S. 266, 270 (1988)." (Doc. No. 42 at 1.) The Ninth Circuit provided that this Court "may consider any further filings or evidence it deems appropriate." (*Id.*) Pursuant to the Ninth Circuit's order, and for the reasons set forth below, the Court makes the factual determination that Smart filed his Notice of Appeal on December 9, 2019. (Doc. No. 39.)

## I. REQUEST FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201(b), this Court may take judicial notice of facts that are "capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned." *See Jespersen v. Harrah's Operating Co.*, 444 F.3d

1

1104, 1110 (9th Cir. 2006) (en banc). Thus, a court may take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Judicially noticeable facts include a court's own records in other cases, and the records of other courts. *United States v. Wilson*, 631 F.2d 118, 119–20 (9th Cir. 1980).

Defendants request the Court take judicial notice of the following filings:

- Smart's Notice of Appeal in *Smart v. Asuncion*, C.D. Cal. Case No. 2:13-cv-08311-GW-DTB, dated June 1, 2017;
- Smart's Response to Order to Show Cause, in *Smart v. Asuncion*, Ninth Cir. Case No. 17-55895, dated June 1, 2017;
- The Court's Order in *Smart v. Asuncion*, Ninth Cir. Case No. 17-55895, dated November 29, 2017;
- Defendants' Motion to Dismiss for Lack of Jurisdiction in *Smart v. Ortiz, et al.*, Ninth Cir. Case No. 19-56447, dated December 17, 2019; and
- Smart's Opposition to Defendants' Motion to Dismiss for Lack of Jurisdiction in *Smart v. Ortiz, et al.*, Ninth Cir. Case No. 19-56447, dated June 18, 2020.

Because all of the above documents are filings either on the Ninth Circuit or C.D. Cal.'s dockets, these filings are appropriate subjects for judicial notice. *See Mir v. Little Company of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). Thus, Defendants' request for judicial notice is **GRANTED** in full.

## II. BACKGROUND

On March 15, 2019, this Court granted Defendants' motion to dismiss, and entered judgment on March 19, 2019. (Doc. Nos. 37, 38.) On December 9, 2019, Smart submitted a Notice of Appeal ("the December 2019 Notice of Appeal"). (Doc. No. 39.) On December 17, 2019, Defendants filed a motion to dismiss for lack of jurisdiction before the Ninth Circuit, arguing Smart filed his Notice of Appeal more than eight months after the March 19, 2019 entry of judgment, instead of within thirty days. (Doc. No. 49-1 at 32–34.) Smart

2

opposed, claiming—for the first time—that he had submitted a Notice of Appeal on April 1, 2019 ("the April 2019 Notice of Appeal"). (*Id.* at 42–50.) On February 16, 2021, the Ninth Circuit remanded Smart's appeal for the limited purpose of permitting this Court to make a factual determination as to when Smart "first delivered a notice of appeal to prison officials for mailing to the district court in compliance with the requirements of Federal Rule of Appellate Procedure 4(a)(c) and *Houston v. Lack*, 487 U.S. 266, 270 (1988)." (Doc. No. 42 at 1.)

Then on February 18, 2021, the Court ordered a briefing schedule, directing Smart to file briefing demonstrating the date he first delivered a Notice of Appeal to prison officials for mailing to this Court. (Doc. No. 43.) The briefing was to clearly set forth the steps Smart took to deposit his Notice of Appeal and provide the specific date the Notice of Appeal was delivered to prison officials. (*Id.*) Smart was to support his briefing with documentary evidence (i.e., mail logs, written requests, letters, etc.) showing the date on which he first delivered his Notice of Appeal to prison officials. (*Id.*) Smart was to also explain the specific timing and procedures taken to deliver what he contends was his second Notice of Appeal, which was subsequently filed with this Court on December 9, 2019. (*Id.*) In the same order, the Court also provided Defendants an opportunity to file an opposition brief. (*Id.* at 2.) This briefing was also to be supported by specific documentary evidence (i.e., mail logs, written requests, letters, etc.). The Court explained in its order that after receiving the appropriate briefing and evidence in support thereof, the Court would review the materials and set a hearing, if necessary. (*Id.*) The Court cautioned that if the parties failed to timely file the ordered briefing and evidence, the Court would make a factual determination based on the current record before the Court, including the evidence submitted to the Ninth Circuit. (*Id.*)

On March 24, 2021, Smart moved for an extension of time to submit his briefing, which was granted by the Court. (Doc. Nos. 45–46.) The Court provided Smart until May 24, 2021 to file his briefing. (Doc. No. 46.) The Court again warned that if the parties failed to timely file the ordered briefing and evidence, the Court would make a factual

3

17-cv-1454-AJB-BGS

determination based on the current record before the Court, including the evidence submitted to the Ninth Circuit. Smart did not do so. (*Id.*) To this date, no briefing has been filed by Smart. On June 7, 2021, Defendants timely filed their opposition brief. (Doc. No. 49.) This order follows.

## III. DISCUSSION

Apart from self-serving assertions, Smart has made no showing, supported by evidence in the record, that he timely filed a Notice of Appeal on or around April 1, 2019. In response to Defendants' motion to dismiss the Appeal for lack of jurisdiction, Smart argued for the first time that he had timely filed a Notice of Appeal "around" April 1, 2019. (Doc. No. 49-1 at 43.) Smart contends that he was placed in administrative segregation during this time, assumed that the April 2019 Notice of Appeal would be properly sent to the Court, but was ultimately unable to follow up on his April 2019 Notice of Appeal. (*Id.*) He further alleges that it was not until he was transferred to a new detention facility that he discovered the deficiency and thereafter immediately filed the second December 2019 Notice of Appeal. (*Id.*) The evidence in the record does not support Smart's contention that he timely filed an April 2019 Notice of Appeal.

First, there is no corroborating evidence tending to support Smart's claim that he did in fact file a Notice of Appeal "around" April 1, 2021. Missing from the record is any copy of the purported April 2019 Notice of Appeal, or any post-marked envelope that the Notice of Appeal was contained in. The Richard J. Donovan ("RJD") Correctional Facility legal mail log, which documents all incoming and outgoing mail for the entirety of Smart's incarceration at RJD, does not show that any mail was deposited for mailing to the Court around April 2019. (Doc. No. 49-2 at 9–16.) Further, and more tellingly, the second December 2019 Notice of Appeal filed by Smart does not acknowledge the untimeliness of the filing, nor does it attempt to explain why the April 2019 Notice of Appeal was never properly sent to the Court. (Doc. No. 39.) Instead, in the December 2019 Notice of Appeal, Smart only summarily states that "[n]otice is hereby given that Plaintiff in the above-entitled matter appeals to the United States Court of Appeals for the Ninth Circuit from the

4

final judgment entered in this action on March 19, 2019." (*Id.* at 1.) Smart's failure to acknowledge or to justify the delay provides a strong inference that Smart did not timely file an April 2019 Notice of Appeal.

Second, Smart does not present any evidence showing that internal prison mailing procedures were not appropriately followed by prison officials. Moreover, there is no evidence or documents demonstrating that Smart had in fact inquired about the status of his first April 2019 Notice of Appeal. Defendants explain that "inmates are allowed to send and receive legal mail while they are housed in administrative segregation." (Doc. No. 49 at 7.) But there is no documentation from RJD, and nothing on the Court's docket, indicating Smart was reasonably diligent in following up on the status of his Appeal. In fact, there are no filings by Smart, or any other party, between March 19, 2019, the date of the Clerk's judgment, and December 9, 2019, the date of Smart's untimely appeal.

## IV. CONCLUSION

As Smart has failed to put forth any evidence demonstrating that he in fact timely submitted a Notice of Appeal, or demonstrated due diligence in inquiring about its status, the Court need not accept Smart's post-hoc explanation that he filed an April 2019 Notice of Appeal. Despite granting Smart an extension of time to file his briefing, Smart has missed the deadline to provide any evidence supporting his claim. Because the record contains no evidence that Smart filed an April 2019 Notice of Appeal, the Court finds that Smart filed his Notice of Appeal on December 9, 2019—the only Notice of Appeal in the record.

**IT IS SO ORDERED.**

Dated: June 25, 2021

Hon. Anthony J. Battaglia
United States District Judge